UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdulahi A.M.,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration & Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,<br><br>Respondents. | Civil No. 26-1018 (DWF/DLM)<br><br>MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

This matter is before the Court on Petitioner Abdulahi A.M.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents assert authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

### BACKGROUND

Petitioner is a citizen of Ethiopia and has been present in the United States since October 2024. (Doc. No. 1 ¶¶ 21, 37-38.) Petitioner was previously picked up by

Respondents, processed, and released on his own recognizance under an Order of Release on Recognizance ("OREC") form. (*See id.* ¶ 39.) Notably, OREC forms are used for release under 8 U.S.C. § 1226. *See Order of Release on Recognizance*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/doclib/detention/checkin/I_220A_OREC.pdf (last visited Feb. 6, 2026). After this, Respondents commenced removal proceedings against him under 8 U.S.C. § 1229a. (Doc. No. 1 ¶ 40.) Petitioner has complied with all conditions of his release and has not committed any offenses that would require his detention under 8 U.S.C. § 1226(c). (*Id.* ¶¶ 43-44.) On February 2, 2026, Respondents detained Petitioner at a regular check-in. (*Id.* ¶ 42.) Petitioner was detained in Minnesota at the time of filing. (*Id.* ¶¶ 21, 45.) At some point he was moved to a detention center in El Paso, Texas.[1] (Doc. No. 4 at 1.) Respondents claim that they are in the process of transferring Petitioner back to Minnesota. (*Id.* at 2.)

Petitioner filed the Petition on February 3, 2026. (Doc. No. 1 at 31.) Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment, the Fourth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and various regulations. (*Id.* ¶¶ 76-116.) Petitioner asks the Court to order his immediate release, or alternatively, order Respondents to conduct a bond hearing consistent with 8 U.S.C. § 1226(a) within five business days. (*Id.* at 29-30.) Also on

---

[1] Based on Petitioner's allegation that he was in Minnesota at the time of filing, it appears that Respondents violated the Court's order enjoining Respondents from moving Petitioner out of Minnesota while this action is pending. The Court will not order contempt proceedings at this time, so long as Petitioner is promptly returned to Minnesota and released.

February 3, 2026, the Court enjoined Respondents from moving Petitioner from this District, and ordered Respondents to file an answer to the Petition by February 5, 2026, at 12:00 p.m.  (Doc. No. 3.)  Respondents filed an answer asserting authority to detain Petitioner under 8 U.S.C. § 1225.  (Doc. No. 4.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) but fail to address the impact of his prior release under § 1226.  Respondents do not show that Petitioner's OREC was revoked or that there was any change in circumstances that would warrant its revocation.  Respondents also admit that this case is similar, both legally and factually, to this Court's previous cases where it found that § 1226 applies to those in Petitioner's position, not § 1225.  (Doc. No. 4 at 3.)

Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens

subject to removal proceedings. *See id.* § 1226(a). Sections 1225 and 1226 are meant to address different populations, they are not interchangeable. *See Adriana M.Y.M. v. Easterwood*, No. 26-cv-213, 2026 WL 184721, at *4 (D. Minn. Jan. 24, 2026) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 285-90 (2018)). Respondents previously found that § 1226 applied to Petitioner and they have not offered any explanation as to what changed to categorize him differently.

Moreover, even if Respondents had not already released Petitioner under § 1226, the Court would still find him subject to the discretionary provisions of § 1226. As this Court has explained in previous cases, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Respondents concede that this case is not distinguishable from those cases. The Court will not depart from its prior reasoning. Petitioner is subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's

detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately, subject to the conditions of his prior Order of Release on Recognizance.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without additional conditions or any kind of tracking device; and (4) with all clothing and outerwear he was wearing at the time of

5

6

detention, or other proper winter attire.  In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 6, 2026                              s/Donovan W. Frank
                                                                  DONOVAN W. FRANK
                                                                  United States District Judge